```
       IN THE UNITED STATES DISTRICT COURT
    FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT BLUEFIELD
```

**UNITED STATES OF AMERICA**

**v.**                                                      **CRIMINAL NO. 1:22-00143**

**ARTEMAS ROBERTS**


### MEMORANDUM OPINION AND ORDER

Pursuant to a Standing Order entered on October 31, 2023, the court instituted a review of the sentence imposed in this matter. On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the *Guidelines Manual* became effective. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new §4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect. Recognizing that the courts, probation officers, and the Bureau of Prisons would need time to process motions and prepare release plans, the Commission also decided to require that any reduction in the term of imprisonment based

on retroactive application of Amendment 821 not be effective until February 1, 2024, or later. (See Amendment 825 to USSG §1B1.10, effective November 1, 2023).  Accordingly, an order reducing a term of imprisonment based upon retroactive application of Amendment 821 must have an effective date of February 1, 2024, or later.

Pursuant to the Standing Order, the court, in consultation with the United States Probation Office, designated this defendant for Expedited consideration.  By Order entered June 6, 2024, the United States Attorney's Office was directed to file any objection to a sentence reduction for this defendant.  The United States filed its response agreeing with the Probation Office that defendant appeared eligible for a sentence reduction within the amended guideline range of 12 to 18 months and stated that it did not intend to file an objection to a sentence reduction.  See ECF No. 39.

At his original sentencing, defendant's sentence was based on a Total Offense Level of 11 and a Criminal History Category of IV, with the defendant having a total of 8 criminal history points, for an advisory guideline range of 18 to 24 months.  As outlined in Paragraphs 40 to 42 of the presentence report, the defendant had a subtotal of 6 criminal history points plus 2

points for "status" pursuant to U.S.S.G. § 4A1.1(d), for a total of 8 criminal history points. Defendant was sentenced to 18 months of imprisonment, a three-year term of supervised release, no fine, and a $100 special assessment.

Following the retroactive amendment to the Guidelines, defendant would not receive any status points and, therefore, he would have a total of 6 criminal history points, which would lower his Criminal History Category from IV to III. Based on a Total Offense Level of 11 and Criminal History Category of III, the defendant's amended advisory guideline range would be 12 to 18 months.

Based on the foregoing, the defendant is eligible for relief pursuant to Amendment 821. Pursuant to U.S.S.G. § 1B1.10(b)(2)(A), the court cannot reduce a defendant's term of imprisonment to a term that is less than the minimum of the amended guideline range, i.e., 12 months. Notwithstanding a defendant's eligibility for relief, the court still retains the discretion to determine whether a sentence should be reduced and the extent of any reduction after considering the factors under 18 U.S.C. § 3553(a).

The court has carefully considered whether a reduction is appropriate under the facts of this case. The court has

received and considered the entire record in this case, including the original Presentence Investigation Report (PSI) and addendum thereto, original sentencing documents, and any materials submitted by the parties. The court has considered the applicable factors under 18 U.S.C. § 3353(a), consistent with 18 U.S.C. § 3582(c)(2), and public safety.

Based on the foregoing considerations, the court **ORDERS** that defendant's Criminal History Category be reduced from Category IV to Category III, for a new advisory guideline range of 12 months to 18 months. It is further **ORDERED** that defendant's previous sentence be reduced to a period of 15 months, with credit for time served to date. This sentence is to run consecutive to the defendant's undischarged term of imprisonment. This Order is subject to the prohibition contained within U.S.S.G. §1B1.10(b)(2)(C). Except as otherwise provided, all provisions of the judgment entered April 28, 2023, shall remain in effect.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to defendant, counsel of record, the United States Attorney, the Federal Public Defender, the United States Marshal for the Southern District of West Virginia, and the United States Probation Office.

**IT IS SO ORDERED** this 13th day of August, 2024.

        ENTER:

        *David A. Faber*
        David A. Faber
        Senior United States District Judge